MICHAEL BAILEY
United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Tel. (520) 620-7300
Fax (520) 620-7320
Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff



FILED ___ LODGED
RECEIVED ___ COPY
FEB 6 2020
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR19-0984-002-TUC-JAS (LCK) |
| Plaintiff, | Plea Agreement |
| vs. | |
| Jean Donna Baker, a.k.a. Donna Jaskolski, | |
| Defendant. | |

The United States of America and the defendant, Donna Baker, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to an Information, charging the defendant with a violation of Title 18, United States Code, Sections 371 and 1382, Conspiracy to Enter Military Property for Prohibited Purpose. The government agrees to dismiss the charges against the defendant in the Indictment in this matter at the time of sentencing.

## ELEMENTS OF THE CRIME

The essential elements of Conspiracy to Enter Military Property for Prohibited Purpose are that:

(A) The defendant agreed with at least one other person to commit the offense of Entering Military Property for Prohibited Purpose; and

(B) The defendant became a member of the conspiracy knowing that its object was for any person to go upon any military installation for any purpose prohibited by law or lawful regulation, in violation of Title 18, United States Code, Section 1382; and intending to accomplish said object.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties: The defendant understands and agrees that the maximum penalty for the offense to which she is pleading are a fine of $5,000, a maximum term of six months imprisonment, or both, and a maximum term of five (5) years probation.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Agreement Regarding Sentencing:

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a sentence of five (5) years probation is an appropriate disposition of this matter.

b. The defendant may withdraw from the plea agreement if she receives a sentence of imprisonment.

c. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing.

d. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

e. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

f. The defendant understands that if she violates any of the conditions of her probation, the probation may be revoked. Upon such revocation, notwithstanding

2

any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

g. The defendant understands that if she violates any of the conditions of her probation, the government may refile the charge in the Indictment in this matter.

h. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

i. The defendant agrees that as a condition of her probation she will not obtain or attempt to maintain a United States Government clearance, and will not seek employment for any position requiring such a clearance.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of

3

this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

Plea Addendum:

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

# WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights:

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> On October 5, 2017, the co-defendant, Mark Vincent Baker, purchased a digital recording device through the internet. On several occasions between October 8 and 13, 2017, Mark Baker and the defendant, Donna Baker a.k.a. Donna Jaskolski, used, accessed, and tested the digital recording device. On October 12, 2017, Mark and Donna Baker discussed the digital recording device and the need for a second digital recording device, which Mark Baker then purchased from a retailer.

> On October 16, 2017, Mark Baker entered the Multi-Function Lab in the Joint Interoperability Test Command compound on Fort Huachuca, disarmed the alarm for the building, surreptitiously placed the second digital recording device in or near the Government Action Officer's office, and turned on the device to record. This area is a Sensitive Compartmented Information Facility. Later the same date, Mark Baker again entered the building, disarmed the alarm, immediately retrieved the device, armed the alarm, and exited the building. During this time period, Mark and Donna Baker communicated by telephone. Mark Baker's entry into the facility for the purpose of creating a surreptitious recording was prohibited by law. Donna Baker knew that Mark Baker would enter the facility for a prohibited purpose, entered into an agreement with him that he would do so, and intended that he do so.

2-6-2020
Date

*Donna Baker*
Donna Baker, Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2/6/2020
Date

_____
Sabra Barnett, Esq.
Attorney for the defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

2/6/20
Date

_____
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney